# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                        |   |                                |
|----------------------------------------|---|--------------------------------|
| MICHAEL KENT ATKINSON,                 | ) |                                |
|                                        | ) |                                |
| Petitioner,                            | ) |                                |
|                                        | ) |                                |
| v.                                     | ) | Civil Action No. 13-0873 (ABJ) |
|                                        | ) |                                |
| GRINDSTONE CAPITAL, LLC, *et al.*,     | ) |                                |
|                                        | ) |                                |
| Respondents.                           | ) |                                |

## MEMORANDUM OPINION

Pending before this Court is respondent Grindstone Capital, LLC's motion to dismiss or stay petitioner Michael Kent Atkinson's petition to confirm the June 6, 2013 arbitration award that Atkinson obtained against respondents Grindstone and RDI Holdings, LLC.[1] Resp't Grindstone Capital's Mem. in Support of Mot. to Dismiss or Stay Pet. to Confirm Arbitration Award ("Resp's Mem.") [Dkt. # 3]; *see also* Pet. to Confirm Arbitration Award [Dkt. # 1]. Grindstone concedes that this Court has jurisdiction over this case but argues that the Court should exercise its discretion and abstain from hearing this matter because there is a parallel proceeding in a Maryland state court. *See* Resp's Mem. at 1–2. For the reasons that follow, the Court concludes that abstention is proper under *Colorado River Water Conservation District v.*

---

1   As of today, respondent RDI Holdings has not taken any action in the proceeding before this Court, and there is no indication that it intends to join respondent Grindstone's motion to dismiss or stay this case.

*United States*, 424 U.S. 800, 817–18 (1976), and the Court will therefore exercise its discretion to dismiss this case.[2]

## BACKGROUND

Three years ago, petitioner Atkinson filed a complaint in the Circuit Court for Howard County, Maryland against his then employer Raptor Detection, Inc. ("Raptor"). Pet.'s Mem. in Opp. to Resp's Mot. ("Pet.'s Mem.") at 3 [Dkt. # 7]; Resp's Mem. at 1. He alleged that Raptor failed to pay wages due to him under an employment agreement and sought to recover those unpaid wages based two theories: breach of contract and a violation of the Maryland Wage Payment Act. Resp's Mem. at 2. Raptor filed a motion to dismiss based on an arbitration clause in Atkinson's employee agreement, but the state court denied the motion. *Id.* As a result, Raptor answered the complaint, and Atkinson served discovery on Raptor. *Id.*

Two months into the state court litigation, Raptor went out of business and shut down operations. Pet.'s Mem. at 3. Raptor's assets were transferred to Grindstone – which was one of

---

2  Once a district court concludes that abstention is warranted, it may either dismiss or stay the case. Either is appropriate and is up to the sound discretion of the district court. *See Hoai v. Sun Ref. & Mktg. Co.*, 886 F.2d 1515, 1517 (D.C. Cir. 1989), quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 28 (1983) ("The Supreme Court has clearly held that 'a stay is as much a refusal to exercise federal jurisdiction as a dismissal,' because a decision to defer to proceedings in state court 'necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.'").

2

Raptor's secured lenders at the time – in satisfaction of Raptor's debt.[3] Resp's Mem. at 5; *see also* Pet.'s Mem. at 3. Upon learning of Raptor's status and the asset transfer to Grindstone, Atkinson amended his state court complaint to add Grindstone and RDI Holding as defendants, asserting that those companies were liable for his unpaid wages as successors in interest to Raptor.[4]

From October 2010 to February 2011, Atkinson's case proceeded in state court until RDI Holdings removed the case to the United States District Court for the District of Maryland. Atkinson filed a motion to remand, which the district court granted because Raptor – then still a party to the case and a citizen of Maryland – defeated removal. Pet.'s Mem. at 4. Two months after the remand, Grindstone and RDI Holdings filed a motion to stay litigation and compel arbitration, and the state court granted it. As a result, the state court case was quiet from September 2011 until June 2013, when the final arbitration decision was issued.

The arbitrator decided the case in favor of Atkinson and awarded him $693,712.33 on June 6, 2013. *Id.* at 2. The arbitrator based his decision on his finding that Grindstone and RDI Holdings were "successors" in interest to Raptor under Maryland law and that Maryland law permitted the piercing of the corporate veil between the two companies. Resp's Mem. at 4–5.

---

[3] The parties disagree as to what happened next: Grindstone alleges that it never operated Raptor's business and that it immediately sold all of Raptor's assets upon acquiring them, Resp's Mem. at 5–6, whereas Atkinson alleges that Raptor's business continued to operate after Grindstone acquired Raptor's assets and that RDI Holdings (a company newly created by Grindstone personnel) registered the assumed name "Raptor Detection Technologies." Pet.'s Mem. at 4 & n.2. Although this dispute is relevant in determining the merits underlying the employment dispute that gave rise to the arbitration award, it has no bearing on whether the Court should abstain from exercising jurisdiction over this case. As a result, the Court need not resolve it.

[4] Atkinson alleges that RDI Holding is linked to the underlying employment dispute case because Grindstone eventually transferred Raptor's assets to RDI, and that RDI continued to operate as Raptor Detection Technologies. Pet.'s Mem. at 4.

Both parties acknowledge that the issues presented to the arbitrator were complex questions of first impression under Maryland law. Resp's Mem. at 4–5; *see also* Pet.'s Mem. at 11.

On June 10, 2013, four days after the final arbitration award decision was issued, Atkinson filed a petition in this Court to confirm the arbitration award. Two days later, on June 12, 2013, Grindstone filed a motion in the pending state case to vacate the arbitration award.

Taken together, these actions gave rise to the current issue that is before this Court: whether this Court should exercise its jurisdiction under the Federal Arbitration Act, 9 U.S.C. § 9 (2012), and review Atkinson's petition to confirm his arbitration award, or exercise its discretion under the *Colorado River* doctrine and decline to hear the case in light of the pre-existing parallel Maryland state court proceeding.

**ANALYSIS**

**I.     The *Colorado River* Abstention doctrine.**

The doctrine of abstention establishes a framework for when a federal district court that has jurisdiction over a matter may exercise its discretion and decline to hear the case. The Supreme Court has identified three categories where abstention is appropriate: when (1) a constitutional issue "might be mooted or presented in a different posture by a state court determination of pertinent state law," *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959); (2) there is a difficult question of state law that bears on policy problems of substantial public import, and its importance goes beyond the result in the instant case, *La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959); and (3) federal jurisdiction is being invoked to restrain state criminal proceedings, statute nuisance proceedings connected to a state criminal proceeding, or collection of state taxes. *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975);

*Younger v. Harris*, 401 U.S. 37 (1971); *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293 (1943). Principles of federalism and comity underlie these categories.

But even in situations that do not fall into one of those categories, a district court may nonetheless exercise its discretion and decline to hear a case that is otherwise properly before it based on the principles the Supreme Court set forth in *Colorado River* and expanded on in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983). In *Colorado River*, the Supreme Court explained that where there are two courts with concurrent jurisdiction over the same matter, the decision to abstain from an exercise of jurisdiction may sometimes rest on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 817; *see also Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 352 (D.C. Cir. 2003). The Court then listed factors that the district court should consider when deciding whether it will abstain in favor of letting the case proceed in the other forum: (A) which court first obtained jurisdiction over the property in dispute, if any; (B) any inconvenience that might result from litigating in a federal forum; (C) which court first obtained jurisdiction over the case; (D) the desirability of avoiding piecemeal litigation; (E) whether federal or state law controls; and (F) whether the state law forum will adequately protect the interests of the parties.[5] *Handy*, 325 F.3d at 352, citing *Colo. River*, 424 U.S. at 817; *see also Mercury Constr. Corp.*, 460 U.S. at 16. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colo. River*, 424 U.S. at 818.

---

5   The *Colorado River* Court only listed the first four factors when it discussed a district court's decision to abstain for reasons of judicial administration. *See* 424 U.S. at 818–19. The last two factors are derived from the Court's decision in *Mercury Construction Corp.*

5

The balancing of factors should be done on a case-by-case basis so that the decision of whether to abstain "does not rest on a mechanical checklist" of the factors. *Mercury Constr. Corp.*, 460 U.S. at 16. "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.*

But it is important to keep in mind that in all cases "[o]nly the clearest of justifications will warrant dismissal." *Colo. River*, 424 U.S. at 819. Abstention is generally disfavored and "[a]bdication of the obligation to decide cases can be justified . . . only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* at 813; *Mercury Constr. Corp.*, 460 U.S. at 16 (noting that the balance is "heavily weighted in favor of the exercise of jurisdiction"). As a result, the general rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colo. River*, 424 U.S. at 817, quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910); *id.* at 818 ("[D]ismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention."). "[T]he Supreme Court has clearly instructed that *Colorado River* may not be invoked as a means of getting rid of cases that properly belong in federal court." *Hoai v. Sun Ref. & Mktg. Co.*, 886 F.2d 1515, 1520 (D.C. Cir. 1989).

## II. Application of the *Colorado River* Abstention Doctrine.

As noted above, this case involves parallel federal and state court actions dealing with the validity of an arbitration award obtained after the parties engaged in arbitration that was ordered by the state court. Atkinson filed his petition to confirm the arbitration award in this Court – creating a new case in mid-2013 – while Grindstone filed a motion to vacate that award two days

6

later in the state court where the underlying litigation had been pending since 2010.[6] After careful consideration of the *Colorado River* factors, the Court concludes that abstention is proper in this case.

**A. The first factor is irrelevant.**

When considering the first *Colorado River* factor, the district court looks to which of the two concurrent courts first obtained jurisdiction over the property at issue in the case. If the other court first obtained jurisdiction, this factor weighs in favor of abstention.

Here, the parties agree that their dispute does not concern property, and as a result, that the first factor is irrelevant to the Court's abstention decision. Resp's Mem. at 9; Pet.'s Mem. at 14.

**B. The second factor is neutral.**

The second *Colorado River* factor considers whether proceeding in the federal district court would result in an inconvenience to the parties. In this case, Atkinson and Grindstone agree that proceeding in the U.S. District Court for the District of Columbia presents no geographical challenges to either party. Resp's Mem. at 9; Pet.'s Mem. at 14. The factor therefore appears to neither favor nor disfavor abstention. But Grindstone argues that this factor nonetheless weighs in favor of abstention because the Maryland state court has already done

---

6 Both parties accuse one another of forum-shopping – Grindstone argues that Atkinson filed in federal court to obtain the more liberal review standard, and Atkinson alleges that Grindstone filed in state court to obtain the more stringent standard. *See* Resp's Mem. at 15; Pet.'s Mem. at 20–21. The Court is not persuaded by either argument. The Federal Arbitration Act, 9 U.S.C. § 9, opened an otherwise closed federal forum to Atkinson upon conclusion of the arbitration that was not previously available to him due to a lack of subject matter jurisdiction. Grindstone filed a motion in a state court where the case underlying the arbitration remained pending. Both parties actions – perhaps motivated in part by an effort to obtain a more favorable standard of review – have additional explanations that do not suggest the ill-intent that is typically associated with forum-shopping. The Court therefore declines to rest any part of its decision on this argument.

significant work in this case, thus rendering the federal forum inconvenient. Resp's Mem. at 9. The Court disagrees.

First, although it appears that some district courts in Maryland have considered the extent the state action has developed when applying this factor, *see id.*, citing *Ackerman v. ExxonMobil Corp.*, 821 F. Supp. 2d 811 (D. Md. 2012), this Court declines to do the same. The development of the state court litigation as compared to the federal court litigation is already considered in applying the fourth factor and therefore would result in double-counting if it were to also be applied when considering the second factor.

Moreover, even if the Court were to consider the extent of development in the state court action in applying this factor, the Court would still find that it is neutral toward abstention. Unlike in *Ackerman* and many of the cases cited by both parties, the situation presented in this case does not involve litigation on the merits of a party's claims. Instead, it involves the question of whether an arbitration award issued under Maryland law should be confirmed and transformed into an enforceable judgment. Resolution of this case therefore does not pose the risk of duplicative discovery or motions filings that would be present if the state litigation had progressed significantly on the merits before the parallel proceeding was filed in the federal forum.[7] Consequently, the Court finds this factor is neutral.

## C. The third factor weighs heavily in favor of abstention.

Factor number three requires the district court to consider which court obtained jurisdiction over the case first. "This factor, as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Mercury*

---

7     This is not to say that no duplicative work may result from allowing both actions to go forward in this case. However, it necessarily results that the risk of inconvenience stemming from parallel cases proceeding through the entire litigation track versus parallel cases that deal solely with the validity of an arbitration award will be much higher.

*Constr. Corp.*, 460 U.S. at 21. For example, in *Mercury Construction Corp.*, the Supreme Court found that, even though the state court litigation was filed prior to the federal court case, this factor weighed *against* abstention because the defendant could not file a motion to compel arbitration in federal court until after the plaintiff refused to attend arbitration, and that refusal did not occur until a day before the state court case was filed. *Id.* at 21–22. On the other hand, in *Colorado River*, the case was first filed in federal court, and the Court found that this factor *favored* abstention because of "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss." 424 U.S. at 820. Put simply, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Mercury Constr. Corp.*, 460 U.S. at 21.

Here, this factor weighs in favor of abstention. The original case was filed in state court back in 2010, which means the Maryland state court obtained jurisdiction well in advance of this Court, and the scale is tipped in favor of abstention. Although in some cases a lack of progress in the litigation can tip the scales back, that consideration is not present here.

The Maryland state court case has been pending for three years and was active during the first year of litigation. For example, during the first year, Atkinson amended his complaint to add Grindstone and RDI Holdings as defendants; RDI Holdings removed the case to the District Court of Maryland; Atkinson successfully obtained a remand; and there were two motions to compel arbitration, one that was denied and the other that was granted in August 2011. Pet.'s Mem. at 4, 5 n.4. After the motion to compel arbitration was granted, the case was stayed, and no subsequent activity occurred until June 2013 when Grindstone filed the motion to vacate the

arbitration award. But the case has been pending – in the Maryland state court where Atkinson placed it and fought to keep it – for the entire period.

It was not until three years later – just four days after the final arbitration decision was issued – that Atkinson filed the petition to confirm the arbitration award that is currently before this Court. His quick filing put him slightly ahead of Grindstone, which filed its motion to vacate the arbitration award in state court two days later. So, it is true that Atkinson was the first to bring the arbitration decision to any court's attention, but the Court is required to consider the entire chain of events.[8]

The trajectory of this case shows that it still belongs in the original forum: the Maryland state court. That court has had continuous jurisdiction over this case since 2010, it has overseen the progress of the litigation, and it ordered the arbitration that gave rise to the contested award. Nothing comparable has occurred in this recently filed federal action. As a result, the Court finds that this factor weighs in favor of abstention.

**D. The fourth factor is neutral toward abstention.**

Under the fourth factor, the district court should consider whether abstaining will prevent piecemeal litigation. In order for this factor to weigh in favor of abstention, something more than duplicative litigation must exist. *See Foster-el v. Beretta U.S.A. Corp.*, 163 F. Supp. 2d 67, 72 (D.D.C. 2001)*; Johnston Lemon & Co. v. Smith*, 882 F. Supp. 4, 5 (D.D.C. 1995); *Delaney v. Capitol Hill Anesthesia Assocs.*, 602 F. Supp. 1069, 1070 (D.D.C. 1985); *see also Colo. River*, 424 U.S. at 817 ("[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."). There must be an actual

---

8     For this reason, the Court similarly rejects Atkinson's position that the Court should only consider post-arbitration activity when applying this factor.

risk of piecemeal litigation if the matter proceeds in two locations, such as when the parallel actions involve different parties or claims. *Foster-el*, 163 F. Supp. 2d at 72; *see also Delaney*, 602 F. Supp. at 1070. But where the parallel cases "are 'mirrors' of one another, so that the first decision of one court or the other will dispose of all the parties' claims," there is no concern of piecemeal litigation. *Johnston Lemon*, 882 F. Supp. at 5.

Here, this factor is neutral. The Maryland state court proceeding and the one before this Court both deal with the validity of the same arbitration award, and both cases involve the same parties. In other words, they are "mirrors" of one another and there is no risk that proceeding in both cases will result in piecemeal litigation. At the same time, however, allowing both cases to proceed will result in duplicative litigation and therefore continue to raise considerations of judicial administration and efficiency. Although duplicative litigation alone is not enough to warrant a finding that this factor weighs in favor of abstention, it remains relevant to the Court's consideration and justifies a finding that the factor is at least neutral.

### E. The fifth factor weighs heavily in favor of abstention.

*Colorado River*'s fifth factor asks whether the litigation involves federal or state law. The district court need not "find some substantial reason for the *exercise* of federal jurisdiction;" instead, it should consider whether the source of law provides justification for declining to exercise its jurisdiction. *Mercury Constr. Corp.*, 460 U.S. at 25. The presence of federal law generally weighs against abstention, but there are "some rare circumstances [where] the presence of state-law issues may [nonetheless] weigh in favor of [jurisdictional] surrender." *Id.* at 26; *Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 886 (11th Cir. 1990); *Foster-el*, 163 F. Supp. 2d at 73 (collecting cases). Moreover, the presence of federal law in one case may be less significant than its presence in another. For example, in *Mercury Construction Corp.*, the

Supreme Court noted that, although the motion to compel arbitration turned on federal law, specifically the Federal Arbitration Act ("FAA"), the presence of federal law was made less significant by the fact that states have concurrent jurisdiction over FAA cases and must also enforce that law.[9] 460 U.S. at 24–25.

Here, the parties argue about whether this case falls under the FAA and therefore whether federal law sets the standard that will govern review of the validity of the arbitration award. Pet.'s Mem. at 7; Resp's Reply in Supp. of Mot. to Dismiss or Stay at 5–6 [Dkt. # 10]. Grindstone also claims that, regardless of whether the FAA applies, the source of law in this case is state law, and that this factor weighs in favor of abstention because the state law issues underlying the arbitrator's award are not only complex but are also questions of first impression. Resp's Mem. at 12–14. Atkinson does not contest that the underlying state law issues are complex; he relies only on the involvement of the FAA to support his argument that this factor weighs against abstention.

The Court need not resolve the dispute of whether the FAA applies at this juncture because it finds that even if federal law will play a role in assessing the arbitration award, this factor ultimately weighs more heavily in favor of abstention. First, if it turns out that the FAA is the controlling standard, the Maryland state court would be required to apply it as well, so that circumstance is not decisive in the calculation. *See Mercury Constr. Corp.*, 460 U.S. at 25. More importantly, this case presents one of those rare circumstances where the state law issues are paramount. In order to determine whether the arbitrator engaged in misconduct – and

---

9  In *Mercury Construction Corp.*, the Supreme Court found that this factor weighed against abstention because the FAA provided the source of law for determining whether an arbitration clause was enforceable. 460 U.S. at 24–25. That conclusion, however, is not decisive in this case. Not only are abstention decisions to be made on a case-by-case basis, but the FAA applies, if at all, in this case by setting the standard of review, not the substantive law like it did in *Mercury Construction Corp.*

therefore whether he can be reversed on review under the FAA or another standard – the reviewing court must consider novel questions of Maryland state law on not one, but two distinct issues: the statutory meaning of "successor" and the doctrine of piercing the corporate veil. Where possible, that type of task is better left to the Maryland courts. *See Foster-el*, 163 F. Supp. 2d at 73 ("Because this matter involves difficult–and perhaps novel–questions of local law and policy, the source-of-law factor favors abstention.").

Moreover, there is no question that this is a state court case at bottom. Atkinson filed the case in state court bringing state law claims, had the case remanded to state court, and never sought to dismiss the state court proceeding in the two years that it was stayed pending the arbitration ordered by the state court. Simply put, this case belongs in the Maryland court from whence it came and the potential presence of a federal standard of review does not defeat that conclusion. Consequently, this factor weighs heavily in favor of abstention.

**F. The sixth factor weighs in favor of abstention.**

The final *Colorado River* factor asks whether the state forum will adequately protect the interests of the parties. In other words, it questions whether abstention will cause prejudice to a party's rights.

Here, there is every indication that the Maryland state court is adequate to protect Atkinson's and Grindstone's interests in this case, and neither party has proffered any additional reason why the state court would be inadequate or why litigation in that forum could be prejudicial.

Atkinson's only argument against the adequacy of the state court is that RDI Holdings does not join Grindstone's motion to dismiss and dismissing Grindstone would make it so that Atkinson has to engage in piecemeal litigation. Pet.'s Mem. at 20. But Atkinson's logic is

flawed. RDI Holdings is a properly served party in the state court litigation, and Atkinson can therefore proceed against RDI Holdings in state court. Nothing requires that he simultaneously pursue his petition against RDI Holdings in this Court – even if the Court did not dismiss RDI Holdings sua sponte, *see Bellotti v. Baird*, 428 U.S. 132, 144 n.10 (1976) (noting "that abstention may be raised by the court sua sponte"), Atkinson could either voluntarily dismiss his case or ask the Court to stay it pending the outcome of the state court case. Either way, there would be no prejudice to Atkinson if he returned to Maryland, and indeed, he might be in an improved position since any judgment would clearly include all respondents. As a result, the Court finds that this factor weighs in favor of abstention.[10]

---

10  Atkinson argues that this factor cannot weigh in favor of abstention unless one of the two proposed courts is inadequate, but at least one other court in this district has found that factor six can weigh in favor of abstention in any circumstance. *See Foster-el*, 163 F. Supp. 2d at 74.

## CONCLUSION

Upon review of the *Colorado River* factors, the Court finds that abstention is warranted in this case. At bottom, the procedural history, the claims underlying the arbitration award, and the novel questions of state law that must be considered in reviewing the validity of the award all point to the conclusion that this case belongs in state court. The Maryland court has had continuing jurisdiction over this case for almost three years, and there is no indication that it cannot continue to serve as an adequate forum to resolve the parties' dispute. The Court will therefore exercise its discretion to decline jurisdiction and dismiss this case in its entirety.[11] Grindstone's motion to dismiss will thus be granted. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: February 5, 2014

---

11 Because the reasons supporting abstention in this case apply with equal force to Atkinson's claim against RDI Holdings, the Court will dismiss the case as to RDI Holdings sua sponte. *See Baird*, 428 U.S. at 144 n.10.